UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:08-cv-40 |
| | : | |
| Plaintiff, | : | Barrett, J. |
| vs. | : | Black, M.J. |
| | : | |
| ROBERT L. EMERSON and | : | |
| VICKY L. EMERSON, | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S UNOPPOSED MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM BE GRANTED, AND THIS CASE BE CLOSED, PURSUANT TO PLAINTIFF'S MOTION (Doc. 9) AND THE COURT'S PENDING SHOW CAUSE ORDER (Doc. 10)**

Plaintiff, the United States of America, initiated this civil action on January 14, 2008 to reduce to judgment unpaid federal tax assessments of defendants and to foreclose liens associated with those assessments. (Doc. 1)  Thereafter, on March 13, 2008, defendants filed an answer to the complaint and included a counterclaim seeking damages and injunctive relief.  (Doc. 7.)

**I.**

On November 27, 2000, the Internal Revenue Service (IRS) made assessments against defendants for unpaid federal income taxes for the tax years 1991-96. (Doc.1, ¶ 6.)  As of April 30, 2007, the balance of defendants' unpaid tax liabilities, including interest and other statutory accruals, totaled $1,425,461.24. (*Id*. ¶¶ 6, 9.)

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Plaintiff then initiated this action to reduce the unpaid federal tax assessments of defendants to judgment and to foreclose the liens associated with those assessments upon the real property located at 4466 Dogwood Drive, Batavia, Ohio 45103.  (Doc. 1.)  On March 13, 2008, the defendants filed an answer to the United States' complaint and included a counterclaim seeking damages from the United States for alleged failure to release its federal tax liens and unauthorized collection activities under §§ 7432 and 7433, respectively, and asking this Court to order the removal of Notices of Federal Tax Liens recorded against their property pursuant to § 6331(i)(4)(B).  (*See* Doc. 7.)

The counterclaim alleges that: "[a]lmost 12 years ago, the IRS made an assessment against Robert Emerson for a number of old tax years." (*Id*).  However, the assessments identified in the complaint, for tax years 1991-96, were made less than eight years ago.  The Clermont County Recorder has no record of any Notices of Federal Tax Lien having been filed against defendants prior to the lien filings associated with the 2000 assessments, which were filed in 2005.

On March 31, 2008, plaintiff filed a motion to dismiss defendants' counterclaim complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  (Doc. 9).  Defendants did not respond to the motion, and on June 2, 2008 , the Court issued an Order directing defendants to Show Cause within twenty days why plaintiff's motion to dismiss should not be granted for the reasons stated in the motion.  (Doc 9.).  The Show Cause Order explicitly stated that defendants' failure to respond satisfactorily the Order may result in a dismissal of their counterclaim.

**II.**

Defendants have not responded to the Court's pending Show Cause Order nor to plaintiff's motion. Accordingly, the undersigned recommends that defendants' counterclaim be dismissed for lack of prosecution. *See Link v. Wabash R.R.,* 370 U.S. 626, 630-31 (1962) (district courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution).

Alternatively, looking to the merits of defendants' counterclaim, plaintiff is entitled to dismissal pursuant to Rule 12(b)(1) for the reasons stated in its motion. Plaintiff asserts that defendants have not properly invoked a jurisdictional basis for seeking damages under 26 U.S.C. §§ 7432 and 7433 in that they have failed to allege the filing of the prerequisite administrative claims to comply with these waivers of the United States' sovereign immunity. Plaintiff further asserts that to the extent defendants' counterclaim seeks an order requiring the IRS to remove Notices of Federal Tax Liens filed against their property under 26 U.S.C. § 6331(i)(4)(B), the Anti-Injunction Act, 26 U.S.C. § 7421, bars the claim. The undersigned agrees.

In order to maintain an action under § 7432 or § 7433, the taxpayer must first have exhausted the administrative remedies available within the IRS. 26 U.S.C. §§ 7432(d)(1), 7433(d)(1); *Romp v. United States*, 96 Fed. Appx. 978, 980 (6th Cir. 2004); *Turner v. United States,* 372 F. Supp. 2d 1053, 1061-62 (S.D. Ohio 2005).

The exhaustion requirement is jurisdictional, and where the claimants under §§ 7432 or 7433 have failed to show exhaustion of administrative remedies, a court must

dismiss for lack of jurisdiction. *Nogueras- Cartagena v. United States*, 125 Fed. Appx. 323, 327 (1st Cir. 2005) (*per curiam*); *Koerner v. United States*, 424 F. Supp. 2d 213, (D.D.C. 2006) ("[P]laintiff's failure to introduce any evidence that she attempted to or did comply with the procedures for bringing an administrative claim, as provided for in 26 C.F.R. § 301.7433-1, deprives the Court of jurisdiction."). Here, defendants do not allege that they filed administrative claims in the manner required by §§ 7432(d)(1) and 7433(d)(1) and their respective regulations.

Furthermore, section 7421(a), commonly referred to as the Anti-Injunction Act, provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . ." The Anti-Injunction Act deprives courts of jurisdiction to enjoin or grant any equitable relief with respect to any aspect of IRS activity directed toward the assessment or collection of federal taxes. *Bob Jones Univ. v. Simon*, 416 U.S. 725, 738-39 (1974). A proceeding that falls within the Act's proscription must be dismissed for lack of subject-matter jurisdiction. *See Alexander v. "Americans United" Inc.*, 416 U.S. 752, 757–58 (1974).

Exceptions to the Anti-Injunction Act's express prohibition have been allowed only in limited areas for extraordinary circumstances. 26 U.S.C. § 7421(a). Here, defendants' allegations do not demonstrate such extraordinary circumstances, and, thus, their claim for injunctive relief is barred by the Anti-Injunction Act and must be dismissed for lack of jurisdiction.

## III.

Accordingly, based on the foregoing, the undersigned **RECOMMENDS** that defendant's counterclaim be **DISMISSED** for the reasons stated herein, pursuant to plaintiff's motion to dismiss (doc. 9) and the pending Show Cause Order (doc. 10).

**DATE: September 10, 2008**                           s/Timothy S. Black
                                                                                    Timothy S. Black
                                                                                    United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:08-cv-40 |
| | : | |
| Plaintiff, | : | Barrett, J. |
| vs. | : | Black, M.J. |
| | : | |
| ROBERT L. EMERSON and | : | |
| VICKY L. EMERSON, | : | |
| | : | |
| Defendants. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).